# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------x
GILBERT POLANCO, JR

                              Plaintiff,                   Index Number:
                                                          Date Purchased:


        -- against –                                      **SUMMONS**


LOCAL 32BJ and MICHAEL FISHMAN, PRESIDENT
OF LOCAL 32BJ
                              Defendants.
-------------------------------------------------------x

TO THE ABOVE NAMED DEFENDANT:

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this
action and to serve a copy of your answer, or, if the complaint is not served with this
summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days
after the service of this summons, exclusive of the day of service (or within 30 days
after the service is complete if this summons is not personally delivered to you
within the State of New York); and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: May 22, 2007

Howard L. Blau
The Law Office of Howard L. Blau
Attorney for Plaintiff
222 East 48th Street
New York, NY 10017
212-514-6800

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------x
GILBERT POLANCO, JR.

                              Plaintiff,              Index Number: 07/107203

        - against -                                   **AMENDED VERIFIED**
                                                      **COMPLAINT**

LOCAL 32BJ and MICHAEL FISHMAN, PRESIDENT
OF LOCAL 32BJ

                              Defendant.
-------------------------------------------------------x

     Gilbert Polanco, Jr., by his attorneys, The Law Office of Howard Blau, alleges for his Verified Complaint herein, on knowledge of matters relating to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters and all other persons, as follows:

     1. At all relevant times hereinafter mentioned, Plaintiff was and still is a resident of the County of Bronx and the State of New York.

     2. Upon information and belief and at all relevant times hereinafter mentioned, Defendant, Local 32BJ ("The Union"), was and still is an unincorporated business association organized and existing under the New York General Associations Law.

     3. Upon information and belief and at all relevant times hereinafter mentioned, Defendant, Michael Fishman, was and still is the President of Local 32BJ.

     4. On or about May 20, 2000, Plaintiff began his employment with Millennium Tower, located at 101 West 67th Street, New York, NY.

     5. At all relevant times hereinafter mentioned, David Morales was Plaintiff's immediate supervisor.

     6. Throughout his six years of employment at Millennium, Plaintiff heard his coworkers make racist remarks and jokes at the expense of residents and fellow employees.

     7. Plaintiff chronicled these occurrences in a personal log.

     8. Plaintiff did not take part in these racist remarks and jokes, and, partly because

of his Spanish descent, felt uncomfortable communicating with and working with the people who were responsible for the remarks and jokes.

9. Plaintiff often observed his coworkers engaging in behavior that he did not believe was professional, including but not limited to taking money that was not theirs, being disrespectful to tenants, and general horseplay.

10. Plaintiff chronicled these occurrences in a personal log as well.

11. Plaintiff was ostracized by his coworkers for disagreeing with and refusing to take part in this behavior, which also made it difficult for him to communicate and work with his coworkers.

12. Due to his personal logs, Plaintiff was targeted by some of his coworkers as not being a part of their "team." Further, some of Plaintiff's coworkers created a hostile environment for him by not allowing him to work overtime, not allowing him to "switch" certain days of his work schedule with other workers, and generally acting unfriendly toward him.

13. On or about February 1, 2006, Plaintiff wrote in the public building log book that he witnessed Mr. Morales instruct another employee, Pablo Rivera, to cause more damage to an already flooded apartment so that the apartment's owner could collect additional money from his insurance company.

14. Because Plaintiff had contacted management on several occasions prior to February 1, 2006 to file complaints against some of his coworkers, and because management never responded to his calls, Plaintiff thought he would get the same lack of attention from management had he reported the conversation between Mr. Morales and Mr. Rivera.

15. On or about February 16, 2006, Plaintiff left his post 10 minutes early because he was ill and needed to attend a doctor's appointment he had made.

16. Prior to leaving, Plaintiff made sure one of his coworkers, Hariam Anghel, a fellow concierge who was scheduled to work the shift immediately following Plaintiff's shift, knew he would be gone 10 minutes early and would be willing to cover for him for the extra 10 minutes. Additionally, Plaintiff was able to get another relief worker, Ron Hayes, to watch his post as well to assist residents.

17. At no time prior to going to his doctor's appointment was Plaintiff told by management that he would have to provide proof that he actually had a doctor's appointment.

18. On or about February 17, 2006, Plaintiff was discharged.

19. According to the termination letter Plaintiff received, he was fired for the communication problems he was having with his coworkers; the statement he wrote in the public building log book regarding the flooded apartment; leaving his post 10 minutes early on February 16, 2006; and not providing proof that he had in fact gone to a doctor's appointment on that date.

20. Plaintiff had performed exemplary work during his tenure at Millennium Tower.

21. Plaintiff filed a grievance with The Union's Complaint Department on or about March 15, 2006 to get reinstated at his job, at which point The Union began its representation of Plaintiff.

22. Between the dates of May 15, 2006 and January 4, 2007, five arbitration hearings were held, but no resolution was reached.

23. On or about January 22, 2007, a sixth arbitration hearing was held.

24. At the sixth arbitration hearing, Plaintiff became aware that The Union had failed to investigate the facts and circumstances surrounding his discharge, including, but not limited to, his defenses to the allegations made against him.

25. On or about January 22, 2007, an arbitrator found that there was just cause for Plaintiff's termination, and therefore denied his grievance.

26. Upon the information provided heretofore, The Union has breached its duty of fair representation of Plaintiff.

27. Plaintiff has suffered extreme physical, emotional and financial hardships as a direct result of Defendants' actions, damaging Plaintiff in the amount of One Million Dollars ($1,000,000.00).

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.   Compensatory damages in the sum of One Million Dollars ($1,000,000.00) against Defendants.

B.   Punitive damages as may be assessed by the trier of facts.

C.   Interests, costs, and disbursements.

Dated: New York, New York
       July 30, 2007

The Law Office of Howard Blau
Attorneys for Plaintiff
222 East 48th Street
New York, NY 10017
(212) 514-6800

## VERIFICATION

STATE OF NEW YORK          )
COUNTY OF NEW YORK    ) ss:

I, Gilbert Polanco, being duly sworn, say I am the Plaintiff in the within action.  I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge.

Gilbert Polanco

Sworn to before me this
day of June 25, 2007

NOTARY PUBLIC

FIORE ANTHONY DIFEO
Notary Public, State of New York
No. 02DI6156893
Qualified in Nassau County
Commission Expires Dec. 4, 2019