UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GILBERT POLANCO, JR.,

                                      **ECF Case**
                                      07 Civ 7957 (GBD)

                Plaintiff,

  -against-

LOCAL 32 BJ AND MICHAEL FISHMAN,
PRESIDENT OF LOCAL 32BJ,

                Defendants.
------------------------------------------------------------------X


**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO F.R.Civ.P. 12(b)(6)**

## PRELIMINARY STATEMENT

Plaintiff, Gilbert Polanco, Jr., has brought this duty of fair representation suit against his union, Defendant Service Employees International Union, Local 32BJ ("Local 32BJ" or "the Union") and its President, Michael Fishman. Polanco's suit is time-barred by the applicable six-month statute of limitations, and accordingly, it should be dismissed in its entirety. In any event, since it is well-established that union officers may not be sued individually for actions taken in their capacity as union officers, the claims against Defendant Fishman should be dismissed.

## STATEMENT OF FACTS[1]

Polanco's Complaint alleges that after he was terminated by his employer, he filed a grievance with Local 32BJ, and the Union took his case to arbitration. According to the Complaint, between May 15, 2006 and January 4, 2007, five arbitration hearings were held. Complaint at ¶ 22. Polanco further alleges that on or about January 22, 2007, a sixth arbitration hearing was held, and at that hearing "Plaintiff became aware that the Union had failed to investigate the facts and circumstances surrounding his discharge, including, but not limited to, his defenses to the accusations made against him." Complaint at ¶¶ 23, 24. Polanco alleges that "[o]n or about January 22, 2007, an arbitrator found that there was just cause for Plaintiff's termination, and therefore denied his grievance." Complaint at ¶ 25.

According to the arbitration award, there were only five hearing dates, and they were May 15, 2006, July 24, 2006, September 14, 2006, November 13, 2006, and January 4, 2007, and the hearing was considered closed on January 4, 2007. Exhibit 1 to Affidavit of Andrew L.

---

[1] For purposes of this motion, Local 32BJ assumes the allegations in the Complaint are true except where those allegations are contradicted by documents referred to in the Complaint. The Court may consider documents referred to in the Complaint in ruling on a 12(b)(6) motion. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-3 (2d Cir. 2002).

1

Strom ("Strom Aff.") at 2-3. The arbitration award was issued January 18, 2007. Exh. A to Strom Aff. at 11.

The Complaint is dated July 30, 2007. While it is entitled Amended Verified Complaint,[2] Defendants have not been served with any prior Complaint in this action. A review of the State court file reveals that on May 22, 2007 a Summons with Notice was filed naming a different Defendant, *see* Exh. 2 to Strom Aff., but Defendants never accepted service of that Summons.

## ARGUMENT

### POINT I

### Plaintiff's Claims are Time-Barred

Plaintiff alleges that Local 32BJ breached its duty of fair representation in handling the grievance he filed regarding the termination of his employment. Ordinarily, when an individual brings a duty of fair representation suit against his union, he also sues the employer for breach of contract. "The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 165 (1983). Thus, even though Polanco has chosen not to sue his employer, in order to prevail on his claim that Local 32BJ breached its duty of fair representation, Polanco must nevertheless prove that his termination was in violation of the collective bargaining agreement. Therefore, the case is a hybrid duty of fair representation case, governed by a six-month statute of limitations. *DelCostello,* 462 U.S. at 169-171. Following *DelCostello,* the Second Circuit has held that the six-month statute of limitations applies to all cases alleging a breach of the duty of fair representation even if the employee sues only the

---

[2] Although the Amended Verified Complaint includes a verification, the verification is dated June 25, 2007, while the document itself is dated July 30, 2007, raising serious questions about the effectiveness of the verification.

2

union and not the employer. *See Eatz v. DME Unit of Local Union Number 3,* 794 F.2d 29, 33 (2d Cir. 1986); *Phelan v. Local 305,* 973 F.2d 1050, 1060-1061 (2d Cir. 1992), *cert. denied,* 507 U.S. 972 (1993).

The statute of limitations on a duty of fair representation claim "begins to run when a plaintiff knows or reasonably should know that the union has breached its duty of fair representation." *Flanigan v. International Bhd. of Teamsters, Truck Drivers, Local 671,* 942 F.2d 824, 827 (2d Cir. 1991). Here, at the latest, Plaintiff's claim accrued when the arbitrator issued her award. *See Ghartey v. St. John's Queens Hospital,* 869 F.2d 160, 166 (2d Cir. 1989) (finding that the date of the award is the accrual date for a duty of fair representation claim).[3] Whether the Court relies upon the January 22, 2007 date alleged in the Complaint, or the actual date of the award -- January 18, 2007, since the Complaint is dated July 30, 2007, it is time-barred on its face.

To the extent Plaintiff intends to argue that his Amended Complaint should relate back to the May 22, 2007 Summons with Notice, that argument is meritless. Fed. R. Civ. Pro. 15(c)(3) provides that an amendment of a pleading changing the party against whom a claim is asserted relates back if the party to be brought in by the amendment "(A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Neither test has been met

---

[3] The Second Circuit has subsequently explained that the *Ghartey* rule is designed to protect "an unsophisticated employee [who] could not be expected to realize that [his] union representative had provided inadequate representation until the adverse decision had been rendered." *Buttry v. General Signal Corp.,* 68 F.3d 1488, 1492 (2d Cir. 1995). But, in the instant case, Plaintiff alleges that he became aware during the hearing that "the Union had failed to investigate the facts and circumstances surrounding his discharge." Thus, in accordance with *Buttry,* since Plaintiff claims that he "knew" the Union breached its duty even before the arbitrator issued her award, Plaintiff's claim accrued prior to the issuance of the award.

3

here. The earlier Summons named only the Service Employees International Union ("SEIU" or "the International") and not Local 32BJ. It is well-established that an International union and one of its constituent local unions are separate organizations with separate identities, and they may not ordinarily be held accountable for each other's acts. *See, e.g., Carbon Fuel Co. v. United Mine Workers of America,* 444 U.S. 212, 217 (1979) (recognizing that Congress limited the responsibility of an international union for acts of one of its local unions). Further international unions and their affiliated local unions often sue each other. *See, e.g., Service Employees International Union v. Local 1199,* 70 F.3d 647 (1st Cir. 1995). Even assuming that Local 32BJ received a copy of the Summons with Notice naming the International as a defendant, Local 32BJ would have had no way of knowing that the claims related to Local 32BJ's alleged breach of the duty of fair representation since the Summons with Notice identified the claim as one for "breach of contract," not breach of the duty of fair representation. For all Local 32BJ knew, Polanco was bringing a claim against the International alleging a breach of its constitution and bylaws.

Further, there is no basis for concluding that Local 32BJ knew or should have known that Polanco actually intended to sue Local 32BJ and not SEIU. In particular, the Court can take judicial notice of the fact that counsel for Plaintiff has previously brought a duty of fair representation suit against Local 32BJ.[4] *See Ghilduta v. Trump Tower et al.,* No. 04 Civ. 7494 (S.D.N.Y.), and thus, Local 32BJ had every reason to assume that if Plaintiff's counsel was suing SEIU and not Local 32BJ he was doing so for a reason, and not because he was mistaken about Local 32BJ's identity.

---

[4] In ruling on a 12(b)(6) motion, the Court may consider "matters of which judicial notice may be taken." *Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir. 1993).

4

Since the Amended Complaint is untimely, and it does not relate back to the earlier Summons with Notice issued against SEIU, the Complaint should be dismissed.

### POINT II

### Plaintiff's Claims Against Fishman Must Be Dismissed.

Regardless of whether Plaintiff's claims against Local 32BJ are timely, Plaintiff may not maintain an action against Defendant Fishman because union officers may not be sued individually for actions taken in their capacity as union officers. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247-9 (1962). This principle applies to duty of fair representation suits by union members. *Morris v. Local 819, Int'l. Brotherhood of Teamsters*, 169 F.3d 782, 784 (2d Cir. 1999). Thus, as a matter of law, Local 32BJ President Michael Fishman is entitled to judgment dismissing him from this action.

### CONCLUSION

For the reasons set forth above, Polanco's suit should be dismissed in its entirety with prejudice.

Dated: September 17, 2007

Office of the General Counsel
SEIU Local 32BJ

By: _____
Andrew L. Strom (AS 2695)
Associate General Counsel
SEIU Local 32BJ
101 Avenue of the Americas, 19th floor
New York, New York 10013
Phone: (212) 388-3025
Fax: (212) 388-2062

Attorneys for Defendants Fishman and Local 32BJ

5