**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

GILBERT POLANCO, JR.,

                                    Plaintiff,        **ECF Case**

                                                      07 Civ 7957 (GBD)

    - against -

LOCAL 32BJ and MICHAEL FISHMAN,

PRESIDENT OF LOCAL 32BJ,

                                    Defendants.

------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF DENYING DEFENDANTS'
MOTION TO DISMISS**

1

## PRELIMINARY STATEMENT

The plaintiff, Gilberto Polanco, Jr., by his attorney, Howard Blau, respectfully submits this Memorandum of Law in opposition to the defendant's Motion to Dismiss.

The plaintiff's central focus in opposing the defendant's motion is based on case law.

In the present case, the plaintiff's amended complaint relates back to the time the original Summons with Notice was filed and served. Therefore, the defendant's Motion to Dismiss, which cites the passing of the six-month Statute of Limitations permitted in such cases, must be denied.

## STATEMENT OF FACTS

Mr. Polanco (hereinafter referred to as "the plaintiff") was terminated by his employer of more than six years, Millennium Tower, on February 17, 2006. In an attempt to be reinstated to his job, the plaintiff filed a grievance on March 15, 2006 with the complaint department of his union, Local 32BJ, at which point it began representing him on the matter. Between the dates of May 15, 2006 and January 4, 2007, five arbitration hearings were held, and the arbitration award was issued on January 18, 2007. It was on this date that the plaintiff first became aware that Local 32BJ had failed to investigate the facts and circumstances surrounding his discharge.

As a result, the plaintiff filed and served a Summons with Notice, which erroneously named Service Employees International Union and not Local 32BJ as the defendant in the case. Despite this mistake, the Summons with Notice was served on and rejected by Local

32BJ on May 22, 2007.

The complaint was then amended on July 30, 2007 to name Local 32BJ as one of the defendants in the case, and was properly served.

## ARGUMENT

### THE AMENDED COMPLAINT RELATED BACK TO THE TIME THE SUMMONS WITH NOTICE WAS FILED AND SERVED, AND THEREFORE SHOULD NOT BE DISMISSED BECAUSE THE SIX-MONTH STATUTE OF LIMITATIONS HAD EXPIRED.

New York courts have recognized that duty of fair representation claims are governed by the federal six-month statute of limitations. Tantillo v. McDonald, 223 A.D.2d 168, 173; 645 N.Y.S.2d 804 (2d Cir. 1996); Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151, 163-165 (1983). In the case at hand, the plaintiff became aware that his union, Local 32BJ, did not represent him properly when a decision was made on January 18, 2007 concerning his grievance against the union. The plaintiff then filed a Summons with Notice, which named Service Employees International Union, and not Local 32BJ, as the defendant in the matter. Despite this caption error, the plaintiff served Local 32BJ with the Summons with Notice on May 22, 2007. The plaintiff's counsel was then informed by an employee of Local 32BJ that Local 32BJ could not accept the Summons with Notice since it was not named as the defendant in the case.

According to Fed. R. Civ. Pro. 15 (c)(3), an amendment of a pleading that changes the party or the naming of a party against whom a claim is asserted relates back to the date of the original pleading when the party to be brought in by amendment "(A) has received such

notice of the situation of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

Turning first to Fed. R. Civ. Pro. 15 (c)(3)(A), courts have defined "prejudice" as that "suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale." Nelson v. County of Allegheny, 60 F.3d 1010, 1014-15 (3d Cir. 1995). In the instant case, Local 32BJ was named as a defendant in the amended complaint dated July 30, 2007, a mere twelve days after the six-month mark from the time the plaintiff became aware of his union's failure to properly represent him. Based on the courts' definition of what constitutes "prejudice" in such matters, twelve days does not meet the standard. Clearly a period that is less than two weeks after the Statute of Limitations expired neither hindered the defendant's ability to assemble evidence or to construct a defense to the level referenced in case law, nor made the case itself stale.

Additionally, Local 32BJ should have reasonably known that it was the defendant in the case because it was served with a Summons with Notice with the name of one of its members as the plaintiff.

Having established this, looking next at Fed. R. Civ. Pro. 15 (c)(3)(B), it is obvious that the contents of the amended complaint dealt with actions committed by Local 32BJ and not Service Employees International Union. Given this, Local 32BJ should have known that, but

for the mistake in the caption, the action in the case at hand would have been brought against it.

## CONCLUSION

Courts have held that Fed. R. Civ. Pro. 15 should be "liberally construed" to allow plaintiffs the opportunity to amend their complaints. <u>Glint Factors Inc. v. Schnapp</u>, 126 F.2d 207, 209 (2d Cir. 1942). Further, courts have also held that the purpose of Rule 15 "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." <u>Siegel v. Converters Transportation, Inc.</u>, 714 F.2d 213 (2d Cir. 1983).

Therefore, the defendant's motion to dismiss should be denied.

Dated: November 16, 2007                    The Law Office of Howard L. Blau


By: _____
       Thomas J. Panasci
The Law Office of Howard L. Blau
222 East 48th Street
New York, New York 10017
Phone: (212) 514-6800
Fax: (212) 514-6801

Attorneys for the Plaintiff Gilberto Polanco, Jr.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GILBERT POLANCO, JR.,

                              Plaintiff,        **ECF Case**
                                        07 Civ 7957 (GBD)

   - against -                                  AFFIDAVIT OF THOMAS PANASCI
                                                IN SUPPORT OF
LOCAL 32BJ and MICHAEL FISHMAN, PRESIDENT  PLAINTIFF'S MOTION TO DENY
LOCAL 32BJ,                                             DEFENDANT'S MOTION TO
                                                     DISMISS
                            Defendants.
-----------------------------------------------------------x

STATE OF NEW YORK    )ss.
COUNTY OF NEW YORK  )

      THOMAS J. PANASCI, being duly sworn, deposes and says:

      I am an attorney admitted to practice before this Court, and I am the attorney of record for Plaintiff Gilberto Polanco, Jr. in this action. The following statements are based upon my personal knowledge, my discussions with the plaintiff, as well as a review of the plaintiff's records.

                                                                                                                                                          _____
                                                                                                                                                         Thomas J. Panasci

Sworn before me this the
16th day of November 2007.

_____
Notary Public