
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GILBERT POLANCO, JR.,

        Plaintiff,

-against-                                    07 CIV 7957 (GBD)

LOCAL 32 BJ AND MICHAEL FISHMAN,
PRESIDENT OF LOCAL 32BJ,

        Defendants.
-----------------------------------------------------------------X

# DEFENDANTS' REPLY MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS

Office of the General Counsel
Service Employees International Union,
Local 32BJ
Andrew L. Strom, Associate General Counsel
101 Avenue of Americas, 19th Floor
New York, NY 10013
Tel. No.: (212) 388-3025
Fax No.: (212) 388-2062

## PRELIMINARY STATEMENT

On September 17, 2007, Defendants Service Employees International Union, Local 32BJ ("Local 32B") and Michael Fishman filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff, Gilberto Polanco, Jr. cavalierly ignored the deadline for filing a memorandum in opposition to Defendants' motion, and on that basis alone, his opposition papers should be struck. In any event, Polanco has utterly failed to establish, as required by Fed.R.Civ.P. 15(c)(3), that Local 32BJ "knew or should have know that, but for a mistake concerning the identity of the proper party, the action would have been brought against [it]."

## STATEMENT OF FACTS

Plaintiff concedes in his memorandum of law that his duty of fair representation claims against Local 32BJ accrued no later than January 18, 2007. Yet, Plaintiff did not file or serve a complaint against Local 32BJ until August 17, 2007 – one month after the applicable statute of limitations had run.

## ARGUMENT

### POINT I

#### The Court Should Not Consider Plaintiff's Untimely Opposition

Local 32BJ's moving papers were filed and served by overnight mail on September 17, 2007. Thus, Polanco's opposition was due on October 1, 2007. On October 17, 2007, counsel for Local 32BJ faxed a letter to the Court with a copy to Plaintiff's counsel pointing out that Plaintiff had failed to oppose the motion. Some time after October 17, 2007, Plaintiff made an *ex parte* request for a "one-week" extension of time to file an opposition – that request was granted on October 24, 2007. Polanco did not file his opposition papers until November 16, 2007 – more than six weeks after they were due.

1

Since Polanco never requested an additional extension of time prior to the October 1, 2007, deadline for filing his opposition, under Fed. R. Civ. P. 6(b)(2), he was required to file a motion seeking leave for an extension of time, and he was required to demonstrate "excusable neglect" for his failure to file a timely opposition. In *Lujan v. National Wildlife Federation,* 497 U.S. 871, 896, n. 5 (1990), the Supreme Court noted that Fed.R.Civ.P. 6(b)(1) allows a court to grant a "request" for an extension before the time for filing expires, but after the time for filing expires, a court may only extend the time "upon motion." The Court explained that "[t]o treat all postdeadline 'requests' as 'motions' ... would eliminate the distinction between predeadline requests and postdeadline filings that the Rule painstakingly draws." *Id.*

At any rate, Polanco has failed to demonstrate that his untimely filing was the result of "excusable neglect." The requirement that neglect be "excusable" serves to deter "parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve...." *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 395 (1993). The Second Circuit has explained that "a late filing will not ordinarily be excused by negligence." *Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 250 (2d Cir. 1997). In *Silivanch et al. v. Celebrity Cruises, Inc.,* 333 F.3d 355, 370 (2d Cir. 2003), the Second Circuit held that the district court abused its discretion when it granted an extension of time for "excusable neglect" based upon a mistake by counsel in determining the filing deadline. Although the court expressed sympathy for parties whose rights are lost due to counsel's inadvertence, it explained that "substantial rights may be, and often are, forfeited if they are not asserted within time limits established by law." *Id.* at 367.

In the instant case, Polanco has not even attempted to establish that his neglect was excusable. The letter his counsel sent to the Court in response to Defendants' October 17, 2007,

2

letter did not offer any excuse for the failure to file a timely response, and Polanco has not offered an additional excuse for waiting yet another month to file his opposition papers.

Since Polanco failed to file a motion seeking an extension of time, and since in any event his untimely filing was not "excusable," the Court should not consider Polanco's opposition papers.

## POINT II

### Plaintiff's Amended Complaint Does Not Relate Back to the Summons with Notice

Fed.R.Civ.P. 15(c)(3) provides that an amendment changing the party against whom a claim is asserted will relate back to the date of the original pleading where "the party to be brought in by the amendment ... (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Plaintiff argues that Local 32BJ should have known from "the contents of the amended complaint" that Plaintiff originally intended to bring the action against Local 32BJ and not against Service Employees International Union ("SEIU"). There is, of course, one glaring problem with this argument – the amended complaint only establishes what Plainitff's intent was at the time he decided to file an amended complaint; it does not establish that Plaintiff initially intended to sue Local 32BJ.

The D.C. Circuit has explained that "[a] potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose – unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." *Rendall-Speranza v. Nassim,* 107 F.3d 913, 918 (D.C. Cir. 1997). In *Rendell-Speranza,* the plaintiff initially sued her supervisor, and later amended her complaint to add her employer as a defendant. The D.C. Circuit held that the amendment did not relate back because "[n]othing in

3

the Rule [15(c)] or in the Notes indicates that the provision applies to a plaintiff who was fully aware of the potential defendant's identity but not of its responsibility for the harm alleged." *Id.* Citing the Ninth Circuit's decision in *Louisiana-Pacific Corp v. ASARCO, Inc.*, 5 F.3d 431, 434 (1993), the court explained that Rule 15(c) does not help a plaintiff who makes a mistake about which of two known parties to sue.

In the instant case, Plaintiff has utterly failed to provide any explanation as to how a Summons with Notice indicating a breach of contract action against SEIU was transformed into a duty of fair representation suit against Local 32BJ and its President. The issue in this case is whether Plaintiff initially "named the wrong defendant or mislabeled the right defendant." *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1301 (2d Cir. 1990). In *Datskow,* the Second Circuit allowed relation back where the plaintiffs identified the corporate identity of the defendant as "Teledyne, Inc." instead of "Teledyne Industries, Inc." In reaching this conclusion, the court noted that the defendant bore some responsibility for the confusion because "at the site of its aircraft engine division, Teledyne Industries Inc. leads the public to believe that the division's corporate name is just 'Teledyne,' the designation that plaintiffs used in their complaint." *Id.* at 1302. Thus, the Second Circuit found that the defendant's correct name was "not readily identifiable." *Id.* By contrast, in the instant case, Local 32BJ's identity, as distinct, from SEIU, was readily apparent. Notably, the arbitration award that Plaintiff is complaining about identifies the union as "Local 32BJ." Further, Plaintiff was represented by counsel at the time he filed the initial Summons with Notice. Not only, as noted in Defendants' moving papers, had Plaintiff's attorney previously filed a different duty of fair representation suit that named Local 32BJ as a defendant, but any attorney who practices labor law ought to understand the difference between a local union and an international union that the local union is affiliated with. *See, e.g., Rodonich*

4

*v. House Wreckers Union Local 95,* 817 F.2d 967, 973 (2d Cir. 1987) (explaining that a union member may prevail against a local union for violating his rights, but may only prevail against the international if the international ratified the local union's violation).

Thus, just as in *Cornwell v. Robinson,* 23 F.3d 694, 705 (2d Cir. 1994), Plaintiff knew Local 32BJ's identity at the time he filed suit, and as a result, the failure to name Local 32BJ in the initial summons must be considered a matter of choice, not mistake.

## CONCLUSION

Since Local 32BJ neither knew nor should have known that the Summons with Notice asserting a breach of contract claim against SEIU was actually intended to state a breach of the duty of fair representation claim against Local 32BJ, the amended complaint does not relate back to the Summons with Notice, and accordingly, it is time-barred.

Dated: November 20, 2007

Office of the General Counsel
SEIU Local 32BJ

By: _____
Andrew L. Strom (AS 2695)
Associate General Counsel
SEIU Local 32BJ
101 Avenue of the Americas, 19th floor
New York, New York 10013
Phone: (212) 388-3025
Fax: (212) 388-2062

Attorneys for Defendants Fishman and Local 32BJ

5