UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GILBERT POLANCO, JR.,

      Plaintiff,

v.

LOCAL 32BJ and MICHAEL FISHMAN,
PRESIDENT OF LOCAL 32BJ,

      Defendants.
------------------------------------------------------------X

**ECF CASE**
07 CV 7957 (GBD)

**ANSWER OF DEFENDANT
SERVICE EMPLOYEES
INT'L UNION, LOCAL 32BJ**

Defendant Service Employees International Union, Local 32BJ ("Local 32BJ"), identified in the complaint by its abbreviated name, Local 32BJ, by its attorneys, answers the Complaint as follows:

1. Admits the allegations in ¶ 1 of the Complaint.

2. With respect to the allegations in ¶ 2 of the Complaint, admits that it is an unincorporated association, and admits that it exists under the New York General Association Law to the extent that law is not preempted by federal law. Local 32BJ denies each and every additional allegation in ¶ 2.

3. Admits the allegations in ¶ 3 of the Complaint.

4. With respect to the allegations in ¶ 4 of the Complaint, admits that Plaintiff was employed at the Millennium Tower, located at 101 West 67th Street, NY, NY, since the year 2000 but lacks sufficient information to determine the truth or falsehood of the date he started working.

5. Admits the allegations in ¶ 5 of the Complaint.

6. Lacks sufficient information to determine the truth or falsehood of the allegations in ¶ 6 of the Complaint, and on that basis denies each and every allegation.

7. Lacks sufficient information to determine the truth or falsehood of the allegations in ¶ 7 of the Complaint, and on that basis denies each and every allegation.

8. Lacks sufficient information to determine the truth or falsehood of the allegations in ¶ 8 of the Complaint, and on that basis denies each and every allegation.

9. Lacks sufficient information to determine the truth or falsehood of the allegations in ¶ 9 of the Complaint, and on that basis denies each and every allegation.

10. Lacks sufficient information to determine the truth or falsehood of the allegations in ¶ 10 of the Complaint, and on that basis denies each and every allegation.

11. Lacks sufficient information to determine the truth or falsehood of the allegations in ¶ 11 of the Complaint, and on that basis denies each and every allegation.

12. Lacks sufficient information to determine the truth or falsehood of the allegations in ¶ 12 of the Complaint, and on that basis denies each and every allegation.

13. Admits the allegations in ¶ 13 of the Complaint.

14. Lacks sufficient information to determine the truth or falsehood of the allegations in ¶ 14 of the Complaint, and on that basis denies each and every allegation.

15. With respect to the allegations in ¶ 15 of the Complaint, admits that Plaintiff left his post early on or about February 16, 2006, denies that he left only ten minutes early, and lacks sufficient information to determine the truth or falsehood of the remaining allegations, and on that basis denies the remaining allegations.

16. With respect to the allegations in ¶ 16, denies that Plaintiff left his post only ten minutes early, and lacks sufficient information to determine the truth or falsehood of the remaining allegations, and on that basis denies the remaining allegations.

17. Lacks sufficient information to determine the truth or falsehood of the allegations in ¶ 17 of the Complaint, and on that basis denies each and every allegation.

18. Admits the allegations in ¶ 18 of the Complaint.

19. With respect to the allegations in ¶ 19 of the Complaint, admits that Plaintiff was terminated for the accusatory statements he made in the logbook, the communication issues he was having with coworkers, and leaving his post early on February 16, 2007, but denies that he left only 10 minutes early and further denies that he was discharged for failing to provide proof of a doctor's appointment.

20. Lacks sufficient information to determine the truth or falsehood of the allegations in ¶ 20 of the Complaint, and on that basis denies each and every allegation.

21. With respect to the allegations in ¶ 21 of the Complaint, admits that Plaintiff filed a complaint with the Local 32BJ complaint department seeking reinstatement to his job and that Local 32BJ investigated his complaint, but denies each and every other allegation.

22. With respect to the allegations in ¶ 22 of the Complaint, admits that five arbitration hearings were scheduled between May 15, 2006 and January 4, 2007, but denies each and every other allegation.

23. Denies each and every allegation in ¶ 23 of the Complaint.

24. Denies each and every allegation in ¶ 24 of the Complaint.

25. With respect to the allegations in ¶ 25 of the Complaint, admits that the arbitrator found that there was just cause for Plaintiff's termination and denied the grievance, but denies that this determination was made on January 22, 2006.

26. Denies each and every allegation in ¶ 26 of the Complaint.

27. Denies each and every allegation in ¶ 27 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief can be granted against Local 32BJ.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is untimely and is barred by the relevant statute of limitations.

**WHEREFORE**, Defendant Local 32BJ respectfully requests that Plaintiff's claims against Local 32BJ be dismissed in their entirety and that Plaintiff take nothing by his complaint.

Dated: March 31, 2008

Office of the General Counsel,
SEIU Local 32BJ

By: _____
Katherine Dunn (KD 0872)